IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


GREGORY KENNY LEE, AIS # 184070,    :

    Plaintiff,    :

vs.    :    CIVIL ACTION 08-0556-CG-C

ALABAMA DEPT. OF CORRECTIONS,    :
*et al.,*

           :

    Defendants.


REPORT AND RECOMMENDATION


This § 1983 action, filed by an Alabama prison inmate proceeding *pro se* and seeking leave to proceed *in forma pauperis,* was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action.  It is the undersigned's recommendation that plaintiff's action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

During the screening of this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered that, after reviewing the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama, plaintiff previously had more than three actions that were dismissed on one of the grounds enumerated in 28 U.S.C. § 1915(e)(2)(B).  *See Lee v. Haley, et al.,* CA 00-0985-MHT-VPM (M.D. Ala. Sept. 8, 2000); *Lee v. Haley, et al.,* CA 02-1343-WHA-VPM.(M.D. Ala. Jan. 29, 2003); *Lee v. Holt, et al.,* CA 03-1055-ID-VPM (M.D. Ala. Dec. 16, 2003); *Lee v. Cambell, et al.,* CA 03-1812-IPJ-TMP (N.D. Ala. May 1, 2006).  In addition to these dismissals under § 1915(e)(2)(B), plaintiff has filed at least ten actions that were dismissed pursuant to § 1915(g) because he did not pay the filing fee when he initiated an action.[1]

In the present action, plaintiff's complaint (Doc. 1) does not indicate at the time of filing that plaintiff was "under imminent danger of serious physical injury."  *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).  His complaint contains brief allegations about his legal mail being opened prior to when he received it on September 19, 2008, in violation of his rights.  No allegations of a

---

[1]The following actions filed by plaintiff were dismissed pursuant to § 1915(g): *Lee v. Campbell,* CA 04-0773-S-NE (N.D. Ala. Apr. 30, 2004); *Lee v. Boyeet, et al.,* CA 04-2256-TMP (N.D. Ala. Aug. 4, 2004); *Lee v. Mrs. Arnold, et al.,* CA 05-0108-VPM-MEF (M.D. Ala. Mar. 14, 2005); *Lee v. Hill, et al.,* CA 05-1042-ID-DRB (M.D. Ala. Dec.1, 2005); *Lee v. Thomas,* CA 06-0451-WKM-VRM (M.D. Ala. June 15, 2006); *Lee v. Hope, et al.,* CA 06-0433-MEF-VPM (M.D. Ala. June 16, 2006); *Lee v. Hope, et al.,* CA 07-0795-WKW-WC (M.D. Ala. Sept. 26, 2007); *Lee v. Ferrell, et al.,* CA 07-0773- MHT-WC (M.D. Ala. Oct. 23, 2007); *Lee v. Hope, et al.,* CA 07-0996-WHA-WC (M.D. Ala. Dec. 4, 2007); *Lee v. Marcus, et al.,* 08-0568-WHA-WC (M.D. Ala. Aug. 20, 2008).

physical injury are contained in the complaint.  Therefore, plaintiff's complaint does not satisfy § 1915(g)'s "imminent danger of serious physical injury" exception.

Because plaintiff cannot avail himself of § 1915(g)'s exception and did not pay the $350.00 filing fee at the time he filed this action, plaintiff's action is due to be dismissed without prejudice.  *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he *initiates* the action); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied,* 535 U.S. 976 (2002).  Accordingly, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 10th day of December, 2008.

 s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.    *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE